# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

THE INSURANCE HOUSE, INC., :
a Georgia corporation :
 :
v. : Civil Docket No.
 : 1:08-mc-00094-SLR
INSURANCE DATA PROCESSING, INC., :
A Pennsylvania corporation

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DOCUMENTS FROM THIRD PARTY ACE INSURANCE CO.

Respondent Insurance Data Processing, Inc. ("IDP") submits this response in connection with a Motion to Compel Documents from Third Party Ace Insurance Co. that has been filed before this Court by The Insurance House, Inc. ("Insurance House") in the captioned Miscellaneous Action.

IDP is the defendant in The Insurance House, Inc. v. Insurance Data Processing, Inc., Case No. 1:07-CV-00286-BBM (N.D. Ga.) (hereinafter "IH v. IDP"). The subpoena duces tecum that is the subject of the Motion to Compel Documents was issued in connection with discovery by Insurance House for IH v. IDP.

IDP does not have knowledge or a position regarding what took place in discussions between Ace American Insurance Co. and Insurance House after delivery of the subpoena. However, IDP does have knowledge of several material misrepresentations and omissions regarding IH v. IDP by Insurance House in its moving papers.

### The Discovery Dispute in IH v. IDP Underlying the Present Motion

Insurance House omits from its Motion to Compel all background information regarding the subpoena to Ace American Insurance Co. Some of that background, including particularly the contents of an Order entered in IH v. IDP by Judge Martin on February 13, 2008

on cross-motions to compel and for a protective order, is material to this Court's consideration of the Motion to Compel.

The February 13, 2008 Order, a copy of which is attached as Exhibit A to this Response, was entered to resolve a discovery dispute regarding whether Insurance House was entitled to confidential information of IDP's customers that IDP had redacted from documents and information produced in IH v. IDP. As Judge Martin confirmed in the Order and Insurance House affirmatively acknowledged during argument, Insurance House was not entitled to obtain the confidential business information of IDP's customers. (Order at page 5.) Accordingly, Judge Martin did not require IDP to unredact or re-redact the documents IDP had produced to Insurance House.

Judge Martin did require in the February 13, 2008 Order that IDP identify its customers to Insurance House. (Order at page 6.) Judge Martin observed that subpoenas to the customers were a likely result of this direction (Order at page 7), and directed Insurance House "to coordinate its contact with these customers through counsel for IDP" (Order at page 6) to minimize any disruption of the customers' business. Judge Martin held that the customers would then have the choice as to whether they wished to waive their own confidentiality rights. (Order at pages 7-8.)

Following receipt of the February 13, 2008 Order, counsel for IDP exchanged several calls and emails with counsel for Insurance House to carry out Judge Martin's directions. In the course of those communications, IDP identified ACE INA as a former customer, advised Insurance House of the contact information for ACE INA when ACE INA had been a customer, advised Insurance House that the line of business for which IDP had provided services had been closed, provided Insurance House with the new address for IDP's prior business contact, and told

Insurance House that the prior business contact would accept a subpoena delivered by FedEx as an accommodation. IDP was never told by its prior business contact that ACE INA would waive any confidentiality or privilege rights, and IDP never told Insurance House that ACE INA was willing to waive confidentiality or privilege rights.

### The Information Sought by Insurance House through the Present Motion

In its Motion to Compel, Insurance House asserts that the records and information it seeks from Ace American Insurance Co. are needed allegedly because IDP had identified Ace American Insurance Co. as a reference in marketing materials provided to Insurance House in August 2004, that IDP had made representations as to the speed of implementation of its product for Ace American Insurance Co. and that Insurance House had relied on those alleged representations when it entered into a written agreement with IDP in August 2005. IDP vehemently disputes Insurance House's reliance justification.

In its motion to compel, Insurance House fails to advise this Court that:

1. IDP gave Insurance House the names of several then-current customers who would serve as references, one of which was ACE INA, in IDP's written response to a Request for Information from Insurance House in August 2004. The response by IDP included the name and telephone number of a contact person at ACE INA. A true and correct copy of the page of IDP's RFI response showing the identification of ACE INA is attached as Exhibit B.

2. Insurance House was responsible for performing its own due diligence of the information provided to it by IDP, including following up on references. Insurance House had a full year to do so between receiving the contact information for ACE INA and entering into an agreement with IDP.

3. Insurance House has <u>never</u> intimated that ACE INA provided any inaccurate information during Insurance House's due diligence.

4. Insurance House was unable to explain to Judge Martin during the argument on the discovery cross-motions, even after repeated requests, why it needed anything from IDP's customers other than copies of the marketing information IDP had furnished to its customers. (Order at page 5.)

**Conclusion and Request for Opportunity to Argue**

If this Court permits argument on the Motion to Compel, IDP requests an opportunity to rebut any other misrepresentations or omissions by Insurance House regarding <u>IH v. IDP</u>.

Respectfully submitted,

Dated: June 3, 2008
Wilmington, Delaware

/s/ Katie A. D'Emilio
Tobey M. Daluz, Esquire (No. 3939)
Katie A. D'Emilio, Esquire (No. 4824)
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail: daluzt@ballardspahr.com
demiliok@ballardspahr.com

-and-

Carl G. Roberts, Esquire
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
E-mail: cgroberts@ballardspahr.com

Counsel for Insurance Data Processing, Inc.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE INSURANCE HOUSE, INC., <br> Plaintiff, <br> v. <br> INSURANCE DATA PROCESSING, INC., <br> Defendant. | CIVIL ACTION FILE <br> NO. 1:07-CV-0286-BBM |

## **ORDER**

This matter is before the court on Plaintiff The Insurance House, Inc.'s ("Insurance House") Motion to Compel Documents and Testimony Regarding the Identification of Defendant's Customers [Doc. No. 51], and Defendant Insurance Data Processing, Inc.'s ("IDP") Motion for a Protective Order Barring Plaintiff from Seeking Any Discovery from Defendant's Customers and Potential Customers [Doc. No. 54].

### I.  **Factual and Procedural Background**

This case involves a contract dispute between Insurance House and IDP. Insurance House, an insurance agency, contracted with IDP for a software system that would, simply stated, allow it to access certain information and use it to provide insurance quotes and services to its customers. The software was to be tailored by IDP to the specific needs of Insurance House. IDP made various representations

about its ability to customize advanced software for Insurance House, and to do so in a timely fashion. However, IDP was unable to meet the terms of the contract, leading to this lawsuit, in which Insurance House has sued IDP for breach of contract, fraud, and misappropriation of Insurance House's intellectual property.

During discovery, which is set to end on February 29, 2008, a dispute arose between the parties. IDP produced over 400,000 documents in response to Insurance House's requests, but redacted portions of approximately 100,000 of them to protect information relating to its customers' names, confidential business information, and material privileged under the attorney-client privilege. Insurance House filed the instant Motion to Compel, seeking access to IDP's customers' names and requesting unredacted documents. IDP opposes the Motion to Compel. It also seeks a protective order to prevent Insurance House from obtaining its customer names and from taking discovery from its customers. The court held a hearing on February 11, 2008.

## II. Analysis

"Motions to compel discovery under Rule 37(a) are committed to the sound discretion of the trial court." Joyner v. Rex Corp., No. 3:06-cv-397-J-33MCR, 2007 WL 1099106, at *1 (M.D. Fla. Apr. 10, 2007); see Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). Generally, the benefit to the requesting

-2-

party is balanced against the burden on the producing party. In this case, the court is aware that Insurance House has already sent 31 subpoenas to various IDP customers and other businesses that expressed an interest in IDP's product. According to Insurance House, most of those entities complied with the subpoenas and sent Insurance House the documents it requested. Insurance House told the court that, because of this success in reaching IDP's customers, it considers the portion of its Motion seeking a customer list to be moot.[1] For its part, IDP agreed that it would supply Insurance House with the names of its remaining customers, and the marketing materials it provided to them.

At the hearing, Insurance House identified its real concern to be over the documents produced by IDP during discovery. IDP redacted approximately one out of every four pages that it sent to Insurance House. According to IDP, these redactions were for the purpose of concealing its customer names, any confidential business information of customers, and material that would fall under the attorney-client privilege. Insurance House contends that the redactions are excessive.

---

[1] The first sentence of Insurance House's Motion to Compel states that "it is crucial that [IDP] be required to disclose the identity of its customers so that [Insurance House] can obtain discovery therefrom that is directly relevant and essential to support" its claims. (Pl.'s Mem. of Law in Supp. of its Mot. to Compel Documents and Testimony Regarding the Identification of Def.'s Customers 1.) However, at the hearing, Insurance House argued to the court that the names of IDP's customers is not the information it primarily seeks. It characterized the dispute to be mainly about the allegedly extensive redactions IDP made to documents already turned over during discovery.

-3-

However, when pressed to identify what information it believed it was entitled to that had been unnecessarily redacted, Insurance House could not do so.

Insurance House's reasons for seeking this discovery do not demonstrate to the court why unredacted documents are necessary. According to Insurance House, discovery from IDP's customers is necessary to determine whether: (1) those customers had technical problems with the software such that IDP was aware that it did not work prior to entering into the contract; (2) IDP's representations to Insurance House regarding its past successes with the software were false; (3) IDP's attempts to build or modify its program for other customers contributed to its failure to meet its contractual obligations to Insurance House; (4) licensing fees that IDP received from licensing the software would entitle Insurance House to royalties under the contract; (5) demonstrations or licenses to third parties contained Insurance House's confidential information or IP in violation of the contract. The information relevant to item (4), licensing fees paid, should not be controversial, as the contract between the parties calls for what is essentially a late fee in the amount of a percentage of IDP's gross sales. (See Pl.'s Mot. to Compel Documents and Testimony Regarding the Identification of Def.'s Customers Exs. 1-14, at 13.) That information can surely be obtained from non-confidential sources. As for the other categories, IDP states that it has already produced documents responsive to those

-4-

areas of inquiry. (See Def.'s Br. in Opp'n to Pl.'s Mot. to Compel Documents and Testimony Regarding the Identification of Def.'s Customers 17.)

Insurance House acknowledges that it is not entitled to the confidential business information of IDP or its customers. At the same time, it argues that the marketing materials that IDP is willing to provide are insufficient. Insurance House appears to believe there is some other category of information that is neither confidential business information nor marketing material. The court repeatedly tried to elicit a description of this other category from Insurance House, but counsel persisted in defining it only in the negative: information that is not confidential business information, but yet is more substantive than marketing material. Apparently, Insurance House simply believes that IDP did not do an honest job in redacting its documents, and removed more than just customer names and confidential business information. However, there is no evidence in support of that theory.[2]

---

[2] The parties and the court spent much time discussing the redactions on a single document, an email from Gary Gilbert to Neil Kaufman, Doug Walters, Janet Somogyl, and Bernie Kratz, dated June 14, 2006. (See Pl.'s Mot. to Compel Documents and Testimony Regarding the Identification of Def.'s Customers Exs. 1-14, at 2.) Much of the focus was devoted to a redaction that appears in the first line of the fourth paragraph, preceding the word "date." The court asked IDP what the redaction was, and IDP stated that it was the initials of a customer. As the email refers to Insurance House as "IH" later in the paragraph, the court finds this explanation to be credible. The court does not have any reason to believe that the redactions are other than confidential business information and privileged material.

IDP spent a significant amount of time and money redacting the discovery documents it sent to Insurance House. Producing the same documents in unredacted form, or re-doing the redactions, would place a large financial burden on IDP.[3] Moreover, as discussed above, it is not clear what the gains to Insurance House would be. IDP is entitled to protect its confidential business information and its attorney-client privilege, and no doubt would do so again if forced to re-produce over 100,000 pages of documents, resulting in wasteful duplicated effort. Thus, in balancing the burden on the producing party against the benefit to the requesting party, the court believes the burden falls more heavily on IDP than the purported benefit to Insurance House can justify.

The court will not require IDP to unredact or re-redact all of the documents it has produced. The court will, however, direct IDP to follow through with the offer it made during the hearing, namely, to provide Insurance House with the names of remaining customers (numbering less than 10, possibly around 6) that Insurance House has not already identified. Insurance House, in turn, is directed to coordinate its contact with these customers through counsel for IDP.

IDP has sought a protective order covering much of the same ground as Insurance House's Motion to Compel.

---

[3] IDP estimates that it would cost over $20,000 to produce the documents without redactions.

-6-

> A party seeking a protective order must establish: (1) that the information sought to be protected is 'confidential', and (2) that its disclosure might be harmful. The burden then shifts to the party seeking the information to show: (3) that the information sought is relevant and necessary at this point in the litigation.

<u>Duracell Inc. v. SW Consultants, Inc.</u>, 126 F.R.D. 576, 578 (N.D. Ga. 1989) (Hall, J.).

IDP has established that its confidential business information is indeed confidential and that its disclosure might be harmful. Insurance House has not convinced the court that the information sought is relevant and necessary. However, because the information that IDP has supplied in document form has been thoroughly redacted, the court does not see the need for a protective order to cover the documents at this time.

As to IDP's customers, the court does require IDP to disclose them, and the result will likely be subpoenas to those customers. IDP has argued that disclosing the confidential business information of its customers could subject it to lawsuits by those customers.[4] The confidentiality agreements that IDP has with its customers are held in favor of the customers. If those customers choose to waive their own confidentiality and release the information requested in the subpoenas, there will

---

[4] Because IDP agreed at the hearing to provide additional customer names, the court does not understand IDP to argue that disclosing the customer *names* themselves violates its confidentiality agreements.

-7-

be no harm to IDP. Therefore, the court does not feel a protective order is required in this area either.

## III. Conclusion

For the foregoing reasons, Plaintiff Insurance House's Motion to Compel Documents and Testimony Regarding the Identification of Defendant's Customers [Doc. No. 51] is DENIED. Defendant IDP's Motion for a Protective Order Barring Plaintiff from Seeking Any Discovery from Defendant's Customers and Potential Customers [Doc. No. 54] is DENIED. Plaintiff's Request for Oral Argument [Doc. No. 62] and Defendant's Request for Consolidated Oral Hearing [Doc. No. 65] are GRANTED.

IT IS SO ORDERED, this 13th day of February, 2008.

s/Beverly B. Martin
BEVERLY B. MARTIN
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

Upgrades are included with maintenance and occur on a relatively infrequent basis. As this product has been on the market for 18 months and has many, many features, we do not have many current upgrades taking place.

56. Will the code be delivered with the system? May we modify the code if needed? Will delivered code be owned by The Insurance House or your company?

**No, however, code can be purchased. It is not recommended though, if you want to keep the core system intact. We can help you do "add ons" to the product without changing the core system.**

**Training and Technical Support**

The following questions are targeted towards the training and technical support requirements. Please tell us how your product meets these requirements:

57. Do you provide training for the system? What is the cost of the training?

**Yes. Four man-weeks are included in costs.**

58. What technical support is offered for the product? What are the fees for technical support?

**Support is included in your maintenance. If we host the product, there is 24x7 support. Non-hosted environments have 8:00 AM to 6 PM help desk and can purchase extended hours.**

59. What are the hours that technical support is available?

**If we host the product, there is 24x7 support. Non-hosted environments have 8:00 AM to 6 PM help desk and can purchase extended hours.**

**Other Concerns**

The following questions are targeted towards the other miscellaneous concerns. Please tell us how your product meets these requirements:

60. Does the system have any known incompatibilities with other software or hardware? If so, please describe them.

**Microsoft compatible. SQL Certified.**

61. How many of the systems have you deployed?

**Five other Acies/one clients today in either production or implementation phases.**

62. Please provide 3 references that we may contact who currently use your system.

IDP has been providing serviced the P&C insurance industry since 1949 and has worked with numerous companies. Today we have 55 clients. Here are three references:

Jerry O'Neill
ACE INA Group
(215) 640-1000

## CERTIFICATE OF SERVICE

I, Katie A. D'Emilio, Esquire, hereby certify that on this 3rd day of June, 2008, I caused a true and correct copy of Defendant's Response to Plaintiff's Motion to Compel Documents From Third Party Ace Insurance Co. to be served on the attached service list in the manner indicated.

Dated: June 3, 2008
Wilmington, Delaware

/s/ Katie A. D'Emilio
Katie A. D'Emilio, Esquire (No. 4824)

**VIA HAND DELIVERY**

Meg Augustine, Esquire
Bayard, PA.
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

Thomas G. McCauley, Esquire
Zuckerman Spaeder LLP
919 N. Market Street, Suite 990
P.O. Box 1028
Wilmington, DE 19899-1028

**VIA FIRST CLASS MAIL**

Paul B. Bech, Esquire
Michael A. Shapiro, Esquire
Bazelon Less & Feldman, P.C.
1515 Market Street - Suite 700
Philadelphia, PA 19102-1907

James J. Wolfson, Esquire
Joseph F. Hession, Esquire
Philip S. Bubb, Esquire
Brook Lewis, Esquire
Carlton Fields, P.A.
One Atlantic Center
1201 West Peachtree Street
Suite 300
Atlanta, GA 30309