IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE INSURANCE HOUSE, INC., a Georgia Corporation,<br><br>Plaintiff,<br><br>v.<br><br>INSURANCE DATA PROCESSING, INC., a Pennsylvania Corporation,<br><br>Defendant. | Civil Docket No.<br>1:08-mc-00094-SLR<br><br>Northern District of Georgia<br>Case No. 1:07-CV-00286-BBM |

## REPLY TO IDP'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DOCUMENTS FROM THIRD PARTY ACE AMERICAN INSURANCE CO.

Insurance Data Processing, Inc. ("IDP") has no standing to object to Plaintiff's Motion to Compel Documents from Third Party Ace American Insurance Co. ("Ace"). Further, IDP's Response is untimely, misleading, and replete with irrelevant assertions. The defendant in the underlying litigation pending in the Northern District of Georgia, IDP committed fraud and misappropriation of Plaintiff's intellectual property after receiving from the Plaintiff, The Insurance House, Inc. ("Insurance House"), more than $4.5 million in licensing fees for IDP's software that simply does not work and, despite IDP's fraudulent misrepresentations to the contrary, never worked.

In its Motion to Compel before this Court, Insurance House merely seeks from Ace non-confidential documentation which may support Insurance House's claims against IDP, including fraud. Now, IDP incredibly interjects in this discovery dispute despite the lack of standing to do so, after the response period expired, with irrelevant and unfounded allegations, and with the sole and transparent purpose of falsely accusing Insurance House of misleading this Court. Insurance House respectfully submits that IDP's response should be entirely disregarded by the Court, and

- 1 -

13398126.2

1848324.1

ACE ordered to promptly comply with Insurance House's March 19, 2008 subpoena (the "Subpoena").

### I.     IDP's Response Should Be Disregarded for Lack of Standing.

IDP's response should be disregarded by this Court because IDP lacks standing to present it. See Snierson v. Chemical Bank, 108 F.R.D. 159, 160 (D. Del. 1985). Parties generally have "no standing to object to discovery of a nonparty," unless that party has shown a "personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty." Id. (citing Dart Indus., Inc. v. Liquid Nitrogen Proc. Corp. of Cal., 50 F.R.D. 286, 291 (D. Del. 1970)). IDP has alleged no such "personal right or privilege." A "personal right or privilege" has been found sufficient to support standing where the plaintiff alleged that certain of the documents sought were its own "secret and confidential documents" the production of which might violate the protective order entered in a previous action. Dart, 50 F.R.D. at 291-92.

Here, Insurance House seeks only non-confidential documents from Ace, a customer of IDP that licensed the same software that is at issue in the Georgia litigation. Insurance House seeks documents relevant to whether, at the time that IDP contracted with Insurance House, the software at issue did not work. Insurance House has reason to believe that Ace has such documentation in its possession in the form of internal emails, results of tests of the software, communications with IDP, and other internal documents. Insurance House is not interested in, nor does it seek, Ace's confidential information such as its policy rating system and is willing to accept redacted documents and/or a designation of the documents as attorney's eyes only under the protective order in the Georgia litigation or any other reasonable protective order.

IDP has not alleged, nor does it have, any personal right or privilege in the documents

sought by Insurance House from Ace, one of IDP's customers. The order of the trial judge in the Northern District of Georgia case, cited by IDP in its response, actually recognizes this point. Specifically, the Court stated in its order that:

> The confidentiality agreements that IDP has with its customers are held in favor of the customers. If those customers choose to waive their own confidentiality and release the information requested in the subpoenas, there will be no harm to IDP. Therefore, the court does not feel a protective order is required in this area either.

(IDP's Resp. Ex. A). Thus, even if Insurance House was seeking Ace's confidential information – which it is not – IDP has made no claim of a "personal right or privilege" to the documents sought by Insurance House, and therefore IDP has no standing to assert its response. Accordingly, Insurance House asks this Court to refuse consideration of IDP's response for this reason alone.

## II. Even if this Court Finds That IDP Has Standing, IDP's Response Should Be Disregarded as Untimely and Irrelevant.

Even if this Court finds that IDP had standing to file its response, it should be disregarded by this Court as untimely and irrelevant to Insurance House's Motion to Compel and unfounded.

### A. IDP's Response Is Untimely.

Under Local Rule 7.1.2(b), IDP's response to Insurance House's motion was due on May 27, 2008. On May 16, 2008, this Court granted ACE an extension of time until June 3, 2008 to respond. IDP neither sought nor obtained any such extension. Thus, if IDP had standing to respond, IDP's response was due on May 27, 2008.

IDP failed to respond by May 27, 2008. Instead, IDP, filed its response to Insurance House's motion on June 3, 2008, more than a week after it was due. Thus, Insurance House asks this Court to disregard IDP's response as untimely.

13398126.2

1848324.1

### B. IDP's Response Is Irrelevant and Unfounded.

IDP brazenly accuses Insurance House of making "material misrepresentations and omissions regarding IH v. IDP," in its motion to compel, but fails to identify a single misrepresentation or a single relevant fact omitted from Insurance House's Motion. Indeed, the only "material misrepresentations and omissions" here are contained in IDP's Response.

#### 1. IDP Fails To Identify Any Misrepresentations.

IDP does not identify a single misrepresentation made by Insurance House. Instead, IDP makes allegations which imply that they are made to correct some contrary statement by Insurance House. This is not the case. For example, IDP alleges that "IDP was never told by its prior business contact that ACE INA would waive any confidentiality or privilege rights," and that "IDP never told Insurance house that ACE INA was willing to waive any confidentiality or privilege rights." Insurance House has made no assertion to the contrary.

Insurance House does not seek Ace's "confidential business information." Counsel for Insurance House made this clear to Ace's counsel prior to this motion being filed. (Hession Decl. ¶¶ 12-13, annexed as Ex. A to IH's Reply to Ace). Insurance House does not believe that documents responsive to the Subpoena would include ACE's confidential business information as other IDP customers have responded to similar subpoenas without the inclusion of such information and without filing blanket objections as Ace has done without producing a single responsive page.

Moreover, to the extent Ace's confidential business information is inadvertently responsive to the Subpoena, Ace may mark such documents as "Attorney's Eyes Only" under the protective order in the underlying case or pursuant to some other reasonable protective order, or Ace may redact such information from the responsive documents.

13398126.2

1848324.1

IDP's allegation that Insurance House misrepresented facts to this Court is intentionally inflammatory and patently unfounded.

### 2.     IDP Fails To Allege the Omission of a Single Relevant Fact.

The alleged "omissions" identified in IDP's response relate to "facts" which are irrelevant to Plaintiff's motion. Even by IDP's own description, these alleged "omissions" relate not to Plaintiff's motion or Ace, but rather are alleged "omissions regarding IH v. IDP." The issue before the Court is whether Ace should be compelled to respond to the subpoena issued by this Court under Rule 45 and produce discoverable documents; it is not a determination of the rights of the parties as between Insurance House and IDP.

For example, IDP argues that Insurance House omitted "background information regarding the subpoena to Ace," including the contents of the Protective Order entered in the underlying case and IDP's "coordination" of Insurance House's discovery as related to IDP's customers. IDP's description of the manner it which it "coordinate[d]" Insurance House's contact with IDP's customers is further irrelevant except to the extent that it betrays IDP's own duplicity.

IDP admits it told Insurance House that, after speaking with Ace, Ace "would accept a subpoena delivered by FedEx as an accommodation." (IDP's Resp. 2-3). Insurance House agreed to follow this process so as to not burden IDP's customer with service of the subpoena by a sheriff. However, despite making this representation to Insurance House, the Declaration of Lucienne N. Hardy, the contact for Ace identified to Insurance House by IDP, expressly denies that IDP ever obtained any such concession from Ace. Ms. Hardy states that "[p]rior to receiving the Subpoena, I had not been contacted by counsel for Insurance House or IDP. I have never agreed to accept service of the Subpoena or to accept service of the

Subpoena by Federal Express." (Hardy Decl. ¶¶ 16-17, annexed as Ex. A to Ace's Resp.). If there is a notable misrepresentation or omission here, it was IDP's counsel's misrepresentation to Insurance House concerning ACE's willingness to accept service of the subpoena by Federal Express, as IDP's other customers did.

## CONCLUSION

Insurance House asks this Court to disregard IDP's response as without standing, untimely, and, even if this Court considers it, to reject the arguments therein on the grounds that they are false, misleading and irrelevant to the sole issue before this Court – whether the documents sought by Insurance House are discoverable.

DATED: June 13, 2008                               Respectfully submitted:

By: _____
Thomas G. Macauley (ID No. 3411)
ZUCKERMAN SPAEDER LLP
919 Market Street, Suite 990
P.O. Box 1028
Wilmington, Delaware 19899-1028
Tel.: (302) 427-0400
Fax: (302) 427-8242

- and -

James J. Wolfson (Ga. Bar No. 773397)
Joseph F. Hession (Ga. Bar No. 349605)
Philip S. Bubb (Ga. Bar No. 092069)
Brooke Lewis (Ga. Bar No. 449989)
CARLTON FIELDS, P.A.
One Atlantic Center
1201 West Peachtree Street
Suite 3000
Atlanta, Georgia 30309
Phone: (404) 815-3400
Fax:    (404) 815-3415


Attorneys for Plaintiff,
THE INSURANCE HOUSE, INC.

13398126.2

1848324.1

# CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2008, I electronically filed "Reply to IDP's Response to Plaintiff's Motion to Compel Documents From Third Party Ace American Insurance Co." with the Clerk of Court using CM/ECF, which will send notification of such filing to the following:

Katie A. D'Emilio, Esquire
Ballard Spahr Andrews & Ingersoll, LLP
919 Market Street, 12th Floor
Wilmington, DE 19801

Mary E. Augustine, Esquire
Bayard P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

I hereby further certify that on June 13, 2008, I electronically filed "Reply to IDP's Response to Plaintiff's Motion to Compel Documents From Third Party Ace American Insurance Co." by regular first class mail, postage prepaid to the following:

Carl G. Roberts, Esquire
Damian L. DiNicola, Esquire
Ballard Spahr Andrews & Ingersoll LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

Paul B. Bech, Esquire
Michael A. Shapiro, Esquire
Bazelton Less & Feldman, P.C.
1515 Market Street, Suite 700
Philadelphia, PA 19103

Thomas G. Macauley (ID No. 3411)

1851490.1