IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE INSURANCE HOUSE, INC., <br> a Georgia corporation <br><br> v. <br><br> INSURANCE DATA PROCESSING, INC., <br> a Pennsylvania corporation | Civil Docket No. <br> 1:08-mc-00094-SLR <br><br> Docket No. 4 |

**NOTICE OF FILING OF DECLARATIONS IN SUPPORT OF THIRD PARTY
ACE AMERICAN INSURANCE COMPANY'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DOCUMENTS**

PLEASE TAKE NOTICE that on June 3, 2008, third party Ace American Insurance Company ("Ace") filed Third Party Ace American Insurance Company's Opposition to Plaintiff's Motion to Compel Documents [Docket No. 4] (the "Opposition").

PLEASE TAKE FURTHER NOTICE that Ace previously filed Affidavits of Lucienne N. Hardy, Douglas A. Stuart, Adrienne M. Logan in support of the Opposition (the "Affidavits"). All Affidavits stated that statements made therein were made under "penalty of perjury." However, they were not sworn, and thus were actually Declarations, which may be filed under 28 U.S.C. §1746.

PLEASE TAKE FURTHER NOTICE that in order to come into formal compliance with 28 U.S.C. § 1746, Ace hereby files the Declarations of Lucienne N. Hardy, Douglas A. Stuart, Adrienne M. Logan, attached hereto as Exhibits A-C, respectively, to replace the Affidavits previously filed with the Opposition. Please note that the content of the numbered paragraphs in each Declaration is identical to the content of the numbered paragraphs in each respective Affidavit filed previously.

{BAY:01048735v1}

Dated: June 30, 2008

BAYARD, P.A.

_____
Mary E. Augustine (No. 4477)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, Delaware 19899
Tel: (302) 655-5000

-and-

Paul B. Bech
Michael A. Shapiro
BAZELON LESS & FELDMAN, P.C.
1515 Market Street - Suite 700
Philadelphia, PA 19102-1907
Tel: (215) 569-1155

Counsel for Ace American Insurance Company

# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE INSURANCE HOUSE, INC., <br> a Georgia corporation | : <br> : <br> :    1:08-mc-00094-SLR <br> : |
| v. | :    Northern District of Georgia <br> :    Case No. 1:07-cv-0286-BBM |
| INSURANCE DATA PROCESSING, INC., <br> A Pennsylvania corporation | : <br> : |

**DECLARATION OF LUCIENNE N. HARDY**

Lucienne N. Hardy declares and states as follows:

1. I am employed by ACE American Insurance Company ("Ace American"), one of the ACE companies ("ACE") and work in the IT (information technology) department ("ACE IT").

2. My business address is One Beaver Valley Road – 3 West, Wilmington, Delaware 19803.

3. Within ACE IT, I am responsible for managing various IT development and maintenance projects for ACE companies.

4. I am not an elected or appointed officer or director of Ace American, nor a custodian of records. I am not authorized to receive service of process on behalf of Ace American.

5. Between 2002 and 2006, I was part of the now-dissolved Consumer Solutions Group (CSG) business group within ACE.

6. The CSG business group was established in 2001 to build and develop new lines of personal insurance business for ACE, such as collector car insurance,

recreation vehicle insurance, motorcycle insurance, and manufactured housing insurance. These lines of business have since been discontinued and the group has been disbanded.

7. Insurance Data Processing, Inc. ("IDP"), the defendant in the above-referenced matter, was a vendor selected in 2002 to customize a policy administration system for these new lines of business.

8. IDP provided a basic framework for the system – Acies/one – and was responsible for customizing the application.

9. My responsibilities at the CSG group included being a contact person for IDP.

10. The contract with IDP ended sometime in December of 2006.

11. On or about March 14, 2008, I received a phone call from Mr. Charles Farrell, an employee at IDP, with whom I had had occasional contact in connection with the IDP project.

12. In his phone call, Mr. Farrell told me that IDP was being sued by one of its former clients; that the former client might issue a subpoena; that the subpoena could possibly be coming to me; and that I might receive something from IDP's lawyers via Federal Express that would provide me with "options" for dealing with the subpoena.

13. I told Mr. Farrell that I could not understand why a subpoena would be coming to me; that I had no knowledge about dealing with the subpoenas; and that any subpoenas I might receive would have to be turned over to ACE's legal department. At the time, I had no idea who in the ACE's legal department would handle a subpoena.

14. On or about March 19, 2008, I received a Federal Express package containing a subpoena from Insurance House, Inc. ("Insurance House"). The subpoena

2

was issued by the United States District Court for the District of Delaware and was directed to "Ace American Insurance Company (ACE INA)" (the "Subpoena").

15. The next day, I forwarded the Subpoena to Andrew Hopp, Esquire, an in-house lawyer for ACE who provides legal advice to ACE IT. Mr. Hopp works in Philadelphia, PA.

16. Prior to receiving the Subpoena, I had not been contacted by counsel for either Insurance House or IDP.

17. I have never agreed to accept service of the Subpoena or to accept service of the Subpoena by Federal Express. I am not and have not represented to anyone that I am an officer or director of Ace American; that I am a custodian of records for Ace American, or that I am authorized to accept service of the Subpoena on behalf of Ace American.

18. I have reviewed the document requests contained in the Subpoena pertaining to the Acies/one application.

19. Compliance with the Subpoena would involve a significant investigative and compliance effort on behalf of ACE American.

20. In order to respond to the Subpoena, Ace American would be required, at the very least, to track and review all personal files, correspondence, and e-mails pertaining to various individuals who worked in at least five (5) different former CSG group offices during a period of more than four (4) years.

21. All of the former CSG offices except for one have been closed. The individuals previously assigned to the CSG group have either left ACE's employment or have been re-assigned within the ACE companies to other offices. Some of their files

3

have been turned over to other individuals, sent to storage, or discarded in the normal course of business. ACE does not have a tracking or indexing system for these files.

22. While an effort to locate these files began upon receipt of the Subpoena, it would take an inordinate amount of time to locate files that might contain information responsive to the subpoena.

23. It is difficult to estimate whether it would take weeks or months to search for or locate potentially responsive files. However, even if they could be located, it would be extremely burdensome and time-consuming to review them for responsive information. For example, I estimate that would take me approximately three (3) weeks, working exclusively on this project, to review my own files for responsive documents. I estimate that it would take a comparable amount of time to review each personal file for other individuals who were once involved with the Acies/one application and the now defunct CSG group.

24. In addition to locating and reviewing paper files, the compliance effort would require a search for and review of the e-mails of all individuals who were involved with this project. Such a search for e-mail correspondence, particularly e-mail correspondence of individuals who no longer work for ACE, would be burdensome to the extreme.

25. Moreover, a substantial portion of the information sought by the Subpoena is confidential and proprietary information belonging to ACE, and is intertwined within any otherwise responsive documents. For example, the CSG group used highly-customized applications that involved significant input of its own highly confidential and proprietary information, including ACE policies and data regarding

4

pricing and marketing, as well as personal and confidential data of the insureds. Therefore, the responsive documents pertaining to these activities and processes, by their nature, would necessarily include a great deal of confidential and proprietary information. Redactions of this confidential information would be extremely time consuming and would likely render many of the documents meaningless.

    I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on: _June 20_, 2008

_/s/ Lucienne N. Hardy_
Lucienne N. Hardy

# **EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE INSURANCE HOUSE, INC.,<br>a Georgia corporation | 1:08-mc-00094-SLR |
| v. | (underlying case:<br>Northern District of Georgia<br>No. 1:07-cv-0286-BBM) |
| INSURANCE DATA PROCESSING, INC.,<br>A Pennsylvania corporation | |

**DECLARATION OF DOUGLAS A. STUART, ESQUIRE**

Douglas A. Stuart, Esquire declares and states as follows:

1.  I am an Assistant General Counsel for ACE American Insurance Company ("ACE American").

2.  My business address is 436 Walnut Street, Philadelphia, PA 19106.

3.  I am an in-house attorney within ACE American Insurance Company's Legal Department, and I am assigned to its Corporate Secretary Group. The Corporate Secretary Group is mainly responsible for matters pertaining to corporate governance, board actions, inter-company transactions, and certain commercial transactions. My own responsibilities pertain to commercial transactions, and the contracts and other documents related thereto.

4.  Generally, neither I nor other attorneys in the Corporate Secretary Group handle litigation or responses to third-party subpoenas. This is a responsibility of ACE American's in-house litigation attorneys.

5.  Sometime at the end of March of 2008, Andrew Hopp, Esquire, another attorney in the Corporate Secretary Group, handed me a subpoena purportedly issued by the United States District Court for the District of Delaware and directed to "ACE

American Insurance Company (ACE INA)" (the "Subpoena"). He had received the Subpoena from Ms. Lucienne Hardy, who works in the IT (information technology) group of the ACE companies in Wilmington, Delaware.

6. On or about March 31, 2008, I called Joseph F. Hession, Esquire, the attorney for Insurance House, Inc. and the issuing officer of the Subpoena. I left a message on his voicemail. In my message, I explained that I was an in-house attorney for the ACE companies, that the response date listed in his Subpoena was approaching, and that I wanted to talk to someone about it. Mr. Hession returned my phone call later that same day and left a message on my voicemail.

7. On or about April 1, 2008, I spoke with Mr. Hession over the phone. I advised Mr. Hession that I had just received the Subpoena, that I was not sure who would be handling the Subpoena, and that ACE American needed time to assign the matter to the appropriate person and for them to formulate a response. I further advised Mr. Hession that ACE American could not respond to the Subpoena by the deadline stated therein, and I asked Mr. Hession for an extension of time to respond. Mr. Hession responded that he did not oppose my request for extension of time. He also did not state that ACE American was waiving potential objections. Mr. Hession and I did not discuss a specific date for ACE American's response. I asked Mr. Hession whether he wanted me to confirm our agreement for an extension of time in writing, and he responded that it would not be necessary. I also asked Mr. Hession whether he was up against any immediate discovery or trial deadlines in his case and he responded that he was not.

2

8. At about the time of my conversation with Mr. Hession, I referred the Subpoena to Ms. Adrienne Logan, who is a paralegal for ACE American's in-house litigation attorneys.

9. This affidavit is being submitted for the narrow purpose of responding to Insurance House's argument that ACE American has somehow waived its objections to the Subpoena. My submission of this affidavit is without waiver of the attorney-client privilege, the work product doctrine, or similar protections.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on: _June 24_, 2008

_____
Douglas A. Stuart

# **EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE INSURANCE HOUSE, INC., a Georgia corporation | 1:08-mc-00094-SLR |
| v. | (underlying case: Northern District of Georgia No. 1:07-cv-0286-BBM) |
| INSURANCE DATA PROCESSING, INC., A Pennsylvania corporation | |

**DECLARATION OF ADRIENNE M. LOGAN**

Adrienne M. Logan declares and states as follows:

1.  I am a Senior Legal Assistant for the ACE companies' in-house Legal Department ("Ace Legal"). More specifically, I work for the litigation attorneys in ACE Legal. Ace American Insurance Company ("ACE American") is one of the ACE companies ("ACE").

2.  My business address is 436 Walnut Street, WA04K, Philadelphia, PA 19106.

3.  ACE American has designated service of process agents in each of the 50 states, including the State of Delaware.

4.  On or about March 31, 2008, Douglas A. Stuart, Esquire, an in-house attorney assigned to ACE Legal's Corporate Secretary Group, forwarded to me a subpoena issued by the United States District Court for the District of Delaware and directed to "ACE American Insurance Company (ACE INA)" ("Subpoena").

5.  The Subpoena was received by Ms. Lucienne Hardy who works for ACE in its IT department in Delaware. Ms. Hardy, who has no connection to ACE Legal and who is not authorized to receive legal process on behalf of Ace American or any other

Ace company mistakenly forwarded the Subpoena to Mr. Andrew Hopp, another in-house attorney assigned to the Corporate Secretary Group.

6.  Neither Mr. Stuart nor Mr. Hopp has any familiarity with or responsibility for handling third-party subpoenas served on ACE companies. It is ACE Legal's in-house <u>litigation attorneys</u> in Philadelphia who are responsible for handling third-party subpoenas.

7.  Since the Subpoena was not served on Ace American's authorized registered agent in Delaware, it did not come to the attention of the in-house litigation group until it was forwarded to me by Mr. Stuart, after which I initiated a search for any documents responsive to the Subpoena.

8.  On April 15, 2008, I called Joseph Hession, Esquire, counsel for Insurance House, Inc., who caused the Subpoena to be issued. As he was not available, I left a voicemail for him and requested an extension of time in which to respond to the Subpoena.

9.  By April 17, 2008, I received a call from Ms. Abbe Howard, reportedly Mr. Hession's paralegal, in response to my voice mail to Mr. Hession. I advised Ms. Howard that although ACE had begun searching for any documents responsive to the Subpoena, it was not known whether ACE had any documents in its possession responsive to the Subpoena. I therefore requested an extension of time to prepare ACE's response to the Subpoena but advised Ms. Howard that I did not know what that response would be. Ms. Howard agreed to an extension of time until April 24, 2008. She did not state that ACE American was waiving any potential objections, and I did not make any such statement.

10. On April 18, 2008, I faxed and mailed a letter to Mr. Hession confirming my telephone conversation with Ms. Howard and the agreement for extension of time. A copy of that letter is attached as Exhibit "C" to Insurance House's Motion to Compel. The letter specifically stated that ACE does not waive any objections and expressly reserves the right to raise any applicable objections to the Subpoena. *See id.* I have not received any response to my letter.

11. This affidavit is being submitted for the narrow purpose of responding to Insurance House's argument that Ace American has somehow waived its objections to the Subpoena. My submission of this affidavit is without waiver of the attorney-client privilege, the work product doctrine, or similar protections.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 20, 2008

Adrienne M. Logan

3

## CERTIFICATE OF SERVICE

I, Mary E. Augustine, hereby certify that on the 30th day of June, 2008, I caused a copy of the **Notice of Filing of Declarations in Support of Third Party Ace American Insurance Company's Opposition to Plaintiff's Motion to Compel Documents** to be served upon the parties listed below in the manner indicated.

### *VIA* U.S. MAIL

Thomas G. Macauley
*Zuckerman Spaeder LLP*
919 Market Street, Suite 1705
P.O. Box 1028
Wilmington, DE 19899

James J. Wolfson
Joseph S. Hession
*Carlton Fields, P.A.*
One Atlantic Center
1201 West Peachtree Street
Suite 300
Atlanta, GA 30309

Katie Arrington D'Emilio
*Ballard, Spahr, Andrews & Ingersoll, LLP*
919 North Market Street
12th Floor
Wilmington, DE 19801-3034

Carl G. Roberts
*Ballard, Spahr, Andrews & Ingersoll, LLP*
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599

Paul B. Bech
*Bazelon Less & Feldman, P.C.*
1515 Market Street, Suite 700
Philadelphia, PA 19102-1907

_____
Mary E. Augustine (No. 4477)

{BAY:01048955v1}